UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MICHAEL ST. PIERRE, ET AL            CIVIL ACTION

VERSUS                               NO. 06-938

SHANNON L. MIERS, ET AL              SECTION "C"

ORDER AND REASONS

This matter comes before the Court on the issue of whether the minimum jurisdictional amount in controversy exists in this removed case.  Having determined that the defendant has not shown that the jurisdictional amount was in controversy at the time of removal, this matter is hereby REMANDED to state court pursuant to 28 U.S.C. § 1447(c).

The parties may neither consent to nor waive federal subject matter jurisdiction.  Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).  Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they

should review their subject matter jurisdiction in cases such as this.  Id.; Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999).  In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. Id.  This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum.  Id.   It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."   St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied, 459 U.S. 1107 (1983).

The facts presented do not support a finding of the jurisdictional minimum.  According to the petition, the plaintiff seeks damages for injuries allegedly sustained in an automobile accident on August 22, 2004.  The suit was filed in state court and removed on the basis of diversity.  The plaintiff did not

request a jury trial in state court, but the defendants did.

The defendants argue that the jurisdictional minimum is satisfied because the plaintiff has incurred approximately $17,000 in medical expenses, travel expenses and property damage, and has answered in interrogatories that his remaining general damages for physical and emotional pain and suffering is between $35,000 and $75,000, and that his loss of consortium is between $5,000 and $15,000.  No further evidence or legal authority is provided by the defendants.

In response, the plaintiff acknowledges that he had a preexisting heart condition and was treated for contusions to the chest wall, and subsequently experienced symptoms in his back diagnosed as a lumbar disc protrusion.  He had an MRI and physical therapy and "there is the potential that plaintiff will have to undergo steroid injections and, if his symptoms persist, potentially a surgical removal, and as a result, at the time of removal of this matter, and even at the present, no determination has been made regarding the additional treatment."  (Rec. Doc. 4, p. 2).  The plaintiff also indicated that a decision might be made at the end of March, 2006, but has provided no supplementation or medical evidence to substantiate the necessity of additional treatment.

As a result, the record remains devoid of any evidence that

there is a recommendation for surgery and no showing of disability in the record.  These circumstances do not support the jurisdictional minimum, assuming the existence of a herniated disc.  See <u>Misewicz v. Gamso</u>, 860 So.2d 119 (La. App. 4th Cir. 2003)($49,943 total award, including $20,592 for lost wages); <u>Webb v. Horton</u>, 812 So.2d 91 (La. App. 5th Cir. 2002)($50,000 general damage award); <u>Bachemin v. Anderson</u>, 717 So.2d 677 (La. App. 4th Cir. 1998)($5,000 award for past & future pain and suffering); <u>Lee v. Alsobrooks</u>, 712 So.2d 1060 (La. App. 5th Cir. 1998)($50,000 general damage award).

Based on the record and the law, the Court finds that the defendant has not shown that the amount in controversy exceeds $75,000 at the time of removal. See e.g., <u>Misewicz v. Gamso</u>, 860 So.2d 119 (La. App. 4th Cir. 2003); <u>Lee v. Alsobrooks</u>, 712 So.2d 1060 (La. App. 5th Cir. 1998).  In addition, the Court is mindful that removal jurisdiction is strictly construed.  <u>See:</u> <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100 (1941); <u>Brown v. Demco, Inc.</u>, 792 F.2d 478 (5th Cir. 1986); <u>Butler v. Polk</u>, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*, §3721.  When subject matter jurisdiction is doubtful, remand is appropriate.  C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that this matter be and hereby is REMANDED to the 32nd Judicial District Court for the Parish of Terrebonne, State of Louisiana, due to a lack of subject matter jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 10th day of April, 2006.

                                            HELEN G. BERRIGAN
                                            UNITED STATES DISTRICT JUDGE